UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: I-35W BRIDGE COLLAPSE SITE INSPECTION | Case No. 07-CV-3680 (PJS/JJG)<br><br>ORDER DENYING PETITION FOR PERMISSION TO INSPECT SITE OF I-35W BRIDGE COLLAPSE |

James R. Schwebel, Richard J. Nygaard, and James S. Ballentine, SCHWEBEL, GOETZ & SIEBEN, P.A., for petitioners.

Rachel K. Paulose, UNITED STATES ATTORNEY, and D. Gerald Wilhelm, Assistant United States Attorney, for respondent United States of America.

Donald J. Mueting and Steven M. Gunn, OFFICE OF THE ATTORNEY GENERAL, for respondent State of Minnesota.

Jay M. Heffern, CITY ATTORNEY, and James A. Moore, Assistant City Attorney, for respondent City of Minneapolis.

The Minnesota law firm of Schwebel, Goetz & Sieben, P.A. ("the Schwebel firm") has filed a motion styled "FRCP 27, 34 & 45 Petition for Permission to Perform I-35W Bridge Collapse Site Inspection" ("Petition"). The Petition was filed approximately 48 hours ago. The United States, the State of Minnesota, and the City of Minneapolis all filed responses to the petition this morning.[1] A hearing on the motion was held earlier this afternoon.

---

[1] The Court has also received an affidavit from Gregory M. Weyandt of Dorsey & Whitney LLP. Dorsey & Whitney represents URS Corporation, which likely will be a defendant in litigation arising out of the bridge collapse. URS asks that, if the Schwebel firm's petition is granted, its attorneys and experts also be permitted to inspect the site. URS has not, though, filed a formal petition under Rule 27.

The Schwebel firm has been hired by three of the people injured and by the families of two of the people killed when the I-35W bridge near downtown Minneapolis collapsed on August 1, 2007.  Petition ¶ 3.  The Schwebel firm asks this Court to order the federal, state, and local authorities who now control the site of the bridge collapse[2] to permit three attorneys from the firm, as well as two experts hired by the firm, to immediately inspect the remains of the bridge.  Petition ¶¶ 7-9.  The Schwebel firm asserts that, because the bridge is about to be dismantled, an immediate inspection of the bridge "will be essential to vigorously representing the interests of the . . . clients who employed [the] firm" to "prosecut[e] wrongful death and personal injury claims" on their behalf.  Petition ¶¶ 3, 5.  The respondents oppose the Schwebel firm's petition for various reasons.

The request of the Schwebel firm is highly unusual.  The Schwebel firm has not cited — and the Court has not found — any case in which a federal court has done what the Schwebel firm asks this Court to do:  order the government to permit private attorneys and their agents to inspect the site of a mass disaster while recovery efforts are still ongoing.

The absence of authority is not surprising.  Federal courts have considerable power, but they must exercise that power in connection with litigation — in connection with what the United States Constitution describes as "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1. In general, a "Case" or "Controversy" does not arise until a plaintiff files a lawsuit against a defendant, accusing the defendant of violating the plaintiff's legal rights, and seeking some type of relief from the defendant.  *Cf. Lance v. Coffman*, 127 S. Ct. 1194, 1196 (2007) (per

---

[2]The respondents assert that the site of the bridge collapse is presently under the exclusive jurisdiction of the National Transportation Safety Board ("NTSB"), and that any state or city officials at the site are working under the direction and control of the NTSB.

curiam) ("Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability.")  The collapse of the I-35W bridge involves tragedy and heroism and controversy, but, to date, it does not involve an actual lawsuit.

That said, Rule 27 of the Federal Rules of Civil Procedure authorizes a federal court to permit someone who anticipates that he or she will be a party to a lawsuit to take discovery prior to the filing of the anticipated action.  The respondents argue that Rule 27 would only permit the Schwebel firm to take the deposition of a witness, not to inspect the site of a disaster.  It is true that Rule 27 is entitled "*Depositions* Before Action or Pending Appeal" (emphasis added), and that the rule speaks almost solely in terms of preserving "testimony" by taking the "depositions" of witnesses.  It is also true that the rule is most often used to take sworn statements from witnesses who have information relevant to an anticipated lawsuit but who might die or disappear before the lawsuit can be filed.

But Rule 27(a)(3) was amended in 1948 to make clear that the rule also gives a court the authority to "make orders of the character provided for by Rules 34 and 35."  *See* Fed. R. Civ. P. 27 advisory committee notes.  Rule 34(a)(2), in turn, authorizes a court to order a party "to permit entry upon designated land or other property . . . for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon."[3]  In theory, then, this Court does have authority to issue the type of order

---

[3]Rule 34 authorizes such an order to be entered only against a "party" to a lawsuit.  But it seems clear that Rule 27 authorizes such an order to be entered against both parties and non-parties to anticipated litigation.  *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal*

sought by the Schwebel firm. The Court will nevertheless deny the Schwebel firm's petition for both procedural and substantive reasons. *See In re Bay City Middlegrounds Landfill Site*, 171 F.3d 1044, 1046 (6th Cir. 1999) (explaining that a Rule 27 petition must meet both the procedural requirements of Rule 27(a)(1) and "the substantive standard set forth in Rule 27(a)(3)").

### A. Procedural Infirmities

A litigant seeking an order under Rule 27 must meet the procedural requirements set forth in the rule. The Schwebel firm has met almost none of them. Among the most serious problems with the Schwebel firm's petition are the following:

1. A Rule 27 petition must be "entitled in the name of the petitioner" and show "that the petitioner expects to be a party to an action." In other words, the petition must be filed by someone who expects to be a *party* to a lawsuit, and the petition must identify that prospective party. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2072, at 657 (2d ed. 1994) ("The allegation that the petitioner expects to be a party to an action must be unequivocal, and there must be factual showing sufficient to support an expectation of action." (footnote omitted)). The Schwebel firm has not identified any of those whom it represents and who are likely to be parties to the lawsuits that it anticipates filing. (It should be noted, though, that at oral argument the Schwebel firm offered to identify its clients to the Court *in camera*.)

---

*Practice and Procedure* § 2456, at 29 (2d ed. 1995) ("A subpoena duces tecum also may issue pursuant to a court order without the commencement of an action for the perpetuation of testimony under Rule 27.").

2. A Rule 27 petition must show that the petitioner expects to be a party to an action "cognizable in a court of the United States." In other words, it is not sufficient that the petition identify the prospective party and explain why the party expects to be a party to a lawsuit. The petition must also show that the anticipated lawsuit will be within the jurisdiction of the federal courts. *See Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) ("There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts."). The Schwebel firm's petition makes no such showing. At oral argument, the Schwebel firm admitted that, at this point, it simply does not know whether a federal court will have jurisdiction over any lawsuits that it files.

3. A Rule 27 petition must show that the petitioner "is presently unable to bring . . . or cause . . . to be brought" the anticipated federal action. In other words, "[the] petitioner must show why it is not presently possible to bring an action, which would make ordinary discovery measures available." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2072, at 658 (2d ed. 1994). The Schwebel firm does not explain in its petition why it is presently unable to bring any lawsuit on behalf of any client.

This is important. Rule 27 does not provide "a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *In re Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963). "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be 'an abuse of the rule.'" *In re Landry-Bell*, 232 F.R.D.

266, 267 (W.D. La. 2005) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2071, at 652 (2d ed. 1994)); *see also In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999) ("Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." (citations omitted)).  In other words, the Schwebel firm must provide an explanation for why it cannot presently bring any lawsuit on behalf of any client, and its explanation cannot be that it has not yet learned enough about the case to be able to file specific claims against specific defendants consistent with its obligations under Rule 11.  *See In re Ford*, 170 F.R.D. 504, 508 (M.D. Ala. 1997) ("Rule 27 is not a vehicle for compliance with Rule 11. As stated, the language in Rule 27 is clear that the rule authorizes the perpetuation of evidence, not the discovery or uncovering of it."); *In re Sitter*, 167 F.R.D. 80, 82 (D. Minn. 1996) ("[W]ithout significant exception, the relevant case law does not allow the deployment of Rule 27 so as to conduct pre-Complaint discovery.")

The Schwebel firm has not provided a sufficient explanation.  At oral argument, the Schwebel firm candidly admitted that the reason that it cannot now file a lawsuit is that it does not yet know enough about the bridge collapse to know whom it should sue and what allegations it should make.  As just explained, Rule 27 does not authorize an order under these circumstances.

4.  A Rule 27 petition must provide "the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known."  The Schwebel firm has not identified a single person or entity whom it expects to sue.

5. A court must hold a hearing on a Rule 27 petition, and the petitioner must "serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing" at least 20 days in advance of the hearing date. Given the exigent circumstances, this Court would be sympathetic to a request to modify this requirement. But the Schwebel firm has not identified a single "expected adverse party" nor given *any* notice of the hearing on its Rule 27 petition to expected adverse parties (unless the Schwebel firm plans to sue the federal government, the State of Minnesota, and the City of Minneapolis, each of which was provided with a copy of its Rule 27 petition).

Obviously, then, the petition filed by the Schwebel firm falls far short of what Rule 27 requires. That is reason enough to deny it.

### B. Substantive Concerns

Even if the Schwebel firm had met all of the procedural requirements of Rule 27, the Court would nevertheless deny its petition. A court is required to enter an order under Rule 27 only when "the court is satisfied that the perpetuation of the [evidence] may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). On the present record, the Court cannot find that the order sought by the Schwebel firm is necessary to prevent an injustice.

First, the Schwebel firm has not suggested what evidence it would perpetuate that is unlikely to be perpetuated by government investigators. Media reports suggest that the government is being painstakingly thorough in investigating the cause of the collapse of the I-35W bridge, even to the point of transporting the pieces of the bridge on barges down the Mississippi River to be reassembled. *See What Went Wrong? NTSB Begins Probe of Bridge Collapse*, CNN.com, Aug. 2, 2007, http://www.cnn.com/2007/US/08/02/bridge.safety.ap/ ("The

first step of the federal investigation into Wednesday's deadly bridge collapse in Minnesota will be to recover pieces of the bridge and reassemble them, kind of like a jigsaw puzzle, to try to determine what happened, NTSB Chairman Mark Rosenker said Thursday.")  It is difficult to believe that a walk-through of the site by three lawyers and two expert witnesses is likely to discover evidence that will not be discovered by what will undoubtedly be a lengthy and exhaustive investigation by the government.  The Court has been given no reason to believe that, as compared to the Schwebel firm, the government is any less motivated to determine — or any less capable of determining — what caused the bridge to collapse.

Second, the Court is concerned about the impact that granting the Schwebel firm's petition would have on recovery efforts at the site.  The I-35W bridge collapse is, to put it mildly, of intense interest to the local bar.  *See* Chris Serres & Matt McKinney, *Question of Liability Rises*, Star Tribune (Mpls.-St. Paul, Minn.), Aug. 3, 2007, http://www.startribune.com/535/story/ 1343465.html.  ("Omar Jamal of the Somali Justice Advocacy Center in Minneapolis said he has received at least a dozen telephone calls from law firms, most of them local, since it became public knowledge [the previous day] that a pregnant Somali woman, Sadiya Sahal, and her 2-year-old daughter, Hanah Mohamed, were among those missing after the collapse.")  Those who are contemplating suing — and those who are contemplating being sued — undoubtedly number in the hundreds.  If this Court were to allow the Schwebel firm to inspect the site, this Court would also have to permit other lawyers and their experts and investigators to do the same.

This the Court will not do.  The government has an urgent interest in recovering the bodies of the victims, clearing the site of unstable and dangerous wreckage, reopening the

Mississippi River to commerce, and beginning the rebuilding of the bridge as soon as possible. These challenges are daunting enough without this Court turning loose dozens of lawyers, expert witnesses, and investigators on the site. The desire of the Schwebel firm to aggressively protect its clients' interests is understandable. But with little chance that the firm will find evidence that will be missed by the government, and a substantial chance that opening up the site to inspection by private law firms will interfere with ongoing recovery efforts, this Court would not issue the order sought by the Schwebel firm even if the firm had complied with all of the requirements of Rule 27.

The Schwebel firm is not without a remedy. As noted, the bridge-collapse site is under the control of the NTSB. Under 49 C.F.R. § 831.12 — entitled "Access to and release of wreckage, records, mail, and cargo" — the NTSB's investigator-in-charge may permit the Schwebel firm (or anyone else) to have "access to wreckage, records, mail, or cargo in the Board's custody." The Schwebel firm can ask the investigator-in-charge for access to the site, and, if the investigator-in-charge refuses, seek administrative or judicial review of that decision to the extent provided by law.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the "FRCP 27, 34 & 45 Petition for Permission to Perform I-35W Bridge Collapse Site Inspection" [Docket No. 1] is DENIED.

Because this action was filed for the sole the purpose of filing the petition, and because the petition has been denied, the motion of the United States to dismiss [Docket No. 8] is GRANTED, and this action is DISMISSED.

Dated: August  15 , 2007                             s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge